Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>FRANCISCO CANALES CANALES<br><br>Peticionario | KLCE202400401 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Utuado<br><br>Sobre:<br>Art. 243 CP<br><br>Caso Número:<br>L OP2013G0012<br>y otros |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de mayo de 2024.

El peticionario, señor Francisco Canales Canales, comparece ante nos para solicitarnos que dejemos sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Utuado, notificada el 16 de febrero de 2024. Mediante la misma, el foro primario declaró *No Ha Lugar* la petición de que se corrija la sentencia impuesta al peticionario, al amparo de la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1.

Por los fundamentos que expondremos a continuación, se desestima el presente auto.

**I**

El 4 de marzo de 2024, el peticionario presentó el recurso de epígrafe. En virtud del mismo solicitó la revocación de una *Resolución* emitida y notificada el 16 de febrero de 2024 por el Tribunal de Primera Instancia. En la referida determinación, el foro primario denegó una solicitud para corregir la sentencia condenatoria impuesta al peticionario. El foro de instancia razonó que, el aquí peticionario, no satisfizo los requisitos en ley al amparo

de la Regla 192.1 de Procedimiento Criminal, supra, para prevalecer en su requerimiento.[1]

Inconforme con la determinación, el peticionario compareció ante nos mediante el presente recurso, el 4 de marzo del presente año.

Mediante resolución del 17 de abril de 2024, este Foro le ordenó al Procurador General de Puerto Rico expresarse sobre el recurso instado.[2] Según ordenado, el 29 de febrero de 2024, éste compareció mediante *Solicitud de Desestimación,* en la cual argumentó que procedía la desestimación del recurso, por no habérsele notificado de la presentación del mismo en el término establecido en el Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B.[3]

Por los fundamentos que exponemos a continuación, procedemos a desestimar el presente recurso.

**II**

**A**

Sabido es que todo ciudadano que prosiga una causa en alzada está en la absoluta obligación de perfeccionar su recurso conforme a los preceptos legales y reglamentarios que le sean aplicables, de manera que provea para el cabal ejercicio de nuestras funciones de revisión. *Morán v. Martí,* 165 DPR 356, 363 (2005). Por tanto, las exigencias que rigen el perfeccionamiento de los recursos pertinentes, deben observarse con rigor. *UGT v. Centro Médico del Turabo,* 208 DPR 944, 957 (2022). Lo anterior encuentra arraigo en la premisa que establece que "[l]a marcha ordenada de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico", por lo que las normas que atienden el trámite apelativo de

---

[1] Anejo #1 del Apéndice del Recurso de Certiorari, pág. 8.
[2] Resolución del 17 de abril de 2024.
[3] Solicitud de Desestimación, pág. 4.

las causas judiciales deben ser observadas con fidelidad. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).

Conforme reconoce el estado de derecho vigente, el alegato constituye el instrumento por el cual el Tribunal de Apelaciones puede aquilatar y justipreciar los argumentos de quien acude a su auxilio. El incumplimiento de los requisitos exigidos para su contenido imposibilita que el recurso se perfeccione a cabalidad. Lo anterior redunda en privar al tribunal intermedio de autoridad para atender el asunto que se le plantea, puesto que dicha comparecencia se reputa como un breve y lacónico anuncio de una intención de apelar. *Morán v. Martí,* supra, pág. 366. Es por ello que, en aras de garantizar a las partes su día en corte, se exige al cumplimiento cabal con los trámites contemplados para el perfeccionamiento de los recursos en alzada, para que los tribunales apelativos emitan un pronunciamiento justo y correcto, a la luz de un expediente completo y claro. *Soto Pino v. Uno Radio Group,* supra, pág. 90.

La verificación de todos los requisitos de forma y de contenido previstos para las diversas gestiones apelativas, no sólo resulta en beneficio del foro intermedio, sino también de la parte contra la cual las mismas se prosiguen. En lo pertinente, la *notificación* constituye el medio por el cual se adviene al conocimiento eficaz de un trámite en alzada en curso, ello mediante la presentación del recurso correspondiente. El mismo, dado sus efectos, propende al adecuado perfeccionamiento del recurso de que trate, por lo que su omisión puede resultar en un decreto de desestimación. *Metro Senior v. AVF,* 209 DPR 203, 209 (2022); *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1071 (2019).

En este contexto, pertinente a los recursos de *certiorari* y en cuanto a lo que nos ocupa, la Regla 33(B) del Reglamento del Tribunal de Apelaciones, supra, dispone como sigue:

**Regla 33 - Presentación y notificación**

[…]

(B)  Notificación del recurso a las partes

La parte peticionaria notificará la solicitud de certiorari, debidamente sellada con la fecha y la hora de presentación, a los abogados(as) de récord, o en su defecto, a las partes, así como al Procurador(a) General y al (a la) Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto. Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo.  Cuando se efectúe por correo, se remitirá la notificación a los abogados(as) de las partes o a las partes, cuando no estuvieron representadas por abogado(a), a la dirección postal que surja del último escrito que conste en el expediente del caso.  Cuando del expediente no surja una dirección, de estar la parte representada por abogado(a), la notificación se hará a la dirección que de éste(a) surja del registro que a esos efectos lleve el Secretario(a) del Tribunal Supremo.  La parte peticionaria certificará el hecho de la notificación en la propia solicitud de certiorari.  La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes.  La notificación mediante entrega personal deberá hacerse en la oficina de los abogados(as) que representen a las partes, entregándola a éstos(as) o a cualquier persona a cargo de la oficina. De no estar la parte representada por abogado(a), se entregará en el domicilio o dirección de la parte o de las partes, según ésta surja de los autos, a cualquier persona de edad responsable que se encuentre en la misma.  En caso de entrega personal se certificarán la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas cuarenta y ocho (48) horas.  El término aquí dispuesto será de cumplimiento estricto.

Se ha reiterado en varias ocasiones que los tribunales pueden eximir a una parte de la observancia de un término de cumplimiento estricto, siempre que medie la existencia de justa causa. *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 210 (2017); *Soto Pino v. Uno Radio Group*, supra, págs. 92-93. Sin embargo, el estado de derecho es enfático al establecer que la acreditación de la justa causa debe quedar establecida mediante alegaciones concretas y particulares. *Soto Pino v. Uno Radio Group*, supra, pág. 93.  Por tanto, "[a] falta de justa causa o ante excusas vagas y generales, los

tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto". *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 170 (2016); *Soto Pino v. Uno Radio Group,* supra, págs. 92-93. En lo aquí pertinente, la referida exigencia se extiende a todo compareciente, aun cuando lo haga por derecho propio. *Rivera Marcucci et al. v. Suiza Dairy*, supra, pág. 173 (2016).

### III

Según detallado en la exposición doctrinal, el Reglamento del Tribunal de Apelaciones, supra, establece el requisito de notificación del recurso a las partes dentro del término dispuesto para la presentación del mismo. Su omisión conlleva a la desestimación al incidir en nuestra jurisdicción toda vez que no se perfeccionó el recurso en el término establecido.    Tal cual esbozado, la presentación del recurso por derecho propio no justifica la omisión en la notificación.

Conforme a la documentación que se encuentra en el expediente, el peticionario no notificó a la Oficina del Procurador General de Puerto Rico de su comparecencia ante nos, según lo exige la Regla 33(B) de nuestro Reglamento, supra.  Tampoco acreditó una justa causa para su omisión.  A tenor con lo anterior, nos es forzoso concluir que estamos impedidos de atender los méritos de la controversia que el peticionario nos propone.  Siendo así, y ante la ausencia de justificación alguna que nos permita excusar tal inacción, únicamente nos corresponde decretar la desestimación del auto de epígrafe.

### IV

Por los fundamentos que anteceden, *se desestima* el recurso de *certiorari.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones